MORRIS ENGLANDER, RESPONDENT, v. ABRAHAMSON-KAPLAN COMPANY, APPELLANT.

Submitted December 4, 1919—Decided February 13, 1920

Where a contract of employment is entire, but the performance is several, the employe may recover for work done and performed where the contract did not provide for payment of a lump sum at its expiration, but, on the contrary, provided for payment by the piece.

On appeal from the District Court of Hoboken.

Before Justices Parker and Swayze.

For the respondent, *Samuel L. Hirschberg.*

For the appellant, *Collins & Corbin.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff was employed by the defendants, who were manufacturers of ladies' suits, as a presser.  He was paid by the piece—that is, each garment was represented by a ticket which the plaintiff detached and returned to the defendant, and thereupon was paid for his work, at so much a garment.   There had been trouble from strikes in the trade, and to protect the defendants against future strikes the plaintiff agreed to do the pressing until the end of the season, about October 15th, and as security deposited with the defendant a Liberty bond for $50.   Notwithstanding this, the plaintiff struck in August but was persuaded to continue work until the ensuing Saturday night upon a promise that he should be paid for the work done.   He was not paid and brought this suit to recover compensation and also to recover the value of the bond, alleging a violation of the conditions on which it was deposited.   The trial judge found in favor of the defendant as to the bond and of the plaintiff as to the compensation.  The defendant appeals.

It is a little difficult to determine exactly what the trial judge found and what the defendant complains of.  The judge expressly says that he does not decide that the contract was originally an entire contract, but that whatever was the intent of the parties originally, "a new agreement was entered into, or at least acquiesced in, and acted upon by both parties when the plaintiff said he was going to leave on Tuesday and they agreed to pay him for whatever work he did if he stayed until Saturday."

The argument on the part of the appellant is directed to the point that there was no consideration for the new contract, since the plaintiff only agreed to do what he was already bound to do.  Conceding this, the question remains whether there was legal error.   The fact that the reasoning of the judge may have been faulty does not necessarily vitiate the result he reached.

It is undisputed that the work was to be paid for by the piece from time to time as it was done.   It is not suggested that the amount claimed was not due on the Saturday in Au-

gust when the plaintiff demanded it. By the contract itself failure to pay by the defendant was a default on its part. For that default an action would normally lie at once. It is, however, suggested that because the contract was an entire contract and could not be fully performed before the middle of October, an action could not be maintained for money earned in August. The defendant's error, we think, is in failing to note that "although the agreement is entire the performance is several" (*Badger* v. *Titcomb,* 15 *Pick.* 409) ; or, as the same court elsewhere stated, is "divisible in its operation." *Denny* v. *Williams,* 5 *Allen* 1, 4; *Barrie* v. *Earle,* 8 *N. E. Rep.* 639. A leading English case where a distinction is drawn between a case like the present and a case where a lump sum is to be paid for the completed work is *Appleby* v. *Myers, L. R.,* 2 *C. P.* 651; 36 *L. J. C. P.* 531. The question has been before this court (*Skillman Hardware Co.* v. *Davis,* 53 *N. J. L.* 144), and a result reached adverse to the present defendant's contention. We think legal principles require us to sustain the plaintiff's right of action upon the defendant's default. The defendant is protected by his right to sue for damages for breach of the contract to serve the whole term or to recoup in the present action. This he might have done by reason of the anticipatory breach by plaintiff (although this action was brought in August) but for the fact that the defendant with knowledge that the plaintiff did not mean to perform on his part, nevertheless assented to the breach, in order to have pressing work done at once, instead of treating the anticipatory breach as putting an end to the contract. Under the circumstances we need not consider whether the parties meant that the security of the $50 bond should be the defendant's only remedy for plaintiff's breach. The case bears some analogy also to short deliveries in case of a contract of sale of goods under section 44 of the Sales of Goods act. *Will. Sales,* § 466. Section 76 of the statute defines "divisible contract to sell." It is, we think, of some consequence that contracts to sell and contracts for work and labor should be governed by the same legal principles. It is at any rate important to adhere to the rule holding defendants to responsibility for the

value of the labor of others where they have accepted the benefit with knowledge that an entire contract had not been fully performed (*Bozarth* v. *Dudley,* 44 *N. J. L.* 304), or would not be.

Let the judgment be affirmed, with costs, and judgment entered in this court.